**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GEMINI INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3413 |
| | § | |
| HAYSSAM ALLAOV d/b/a AMERICAN AUTO CENTER, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is an insurance coverage dispute filed under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Gemini Insurance Co. sued Hayssam Allaou d/b/a American Auto Center ("AAC"),[1] seeking a declaratory judgment that the insurance policy Gemini issued did not cover hurricane-related flood damage to 23 vehicles at the Port of Galveston in September 2008.

Two motions are pending. Gemini moved for summary judgment that the policy does not cover the claimed loss, based on the policy language. (Docket Entry No. 11). Allaou responded, (Docket Entry No. 17), and Gemini replied, (Docket Entry No. 20). Allaou moved to dismiss this federal declaratory judgment suit based on a state court suit filed ten days earlier by Chic Bonbon International, Inc. d/b/a American Auto Center against Gemini and two insurance agencies that obtained the policy, both Texas residents. (Docket Entry No. 13). Gemini responded. (Docket Entry No. 16).[2] Based on the record; the motions, responses, and reply; and the relevant law, Allaou's

---

1 According to the defendant's filings, his last name is "Allaou." This court will use that spelling throughout.

2 Allaou moved, unopposed, to postpone the deadlines in this case. (Docket Entry No. 22). That motion is denied as moot.

motion to dismiss is denied and Gemini's motion for summary judgment is granted. Final judgment is entered by separate order. The reasons for these rulings are explained in detail below.

## I. Background

Gemini issued policy number MGG 0002098 00, with effective dates of April 15, 2008 to April 15, 2009, to Hayssam Allaov d/b/a/ American Auto Center. The policy included liability coverage and garagekeepers coverage. AAC submitted a claim to Gemini under this policy for $183,000 for flood damage during Hurricane Ike that destroyed 23 vehicles awaiting export at the Port of Galveston in September 2008. Gemini denied coverage through a third-party claims administrator. According to AAC, the asserted grounds for denial were "that the incident took place on the dock of either the Port of Houston or Galveston; the vehicles were not owned by AAC; and/or that the vehicles were not in AAC's care, custody or control." (Docket Entry No. 11, Ex. 2).

An attorney sent a demand letter to Gemini on AAC's behalf on February 5, 2009. The letter stated in part as follows:

> I am writing this letter on behalf of American Auto Center, Inc. On or about May 8, 2008, cars were delivered to the Port of Galveston to be shipped. These cars were insured under your policy until they were shipped. Due to delays with the shipping company, these cars were in the Port of Galveston when Hurricane Ike hit flooding these cars.
>
> This letter constitutes a demand that you, within a reasonable amount of time, contact American Auto Center directly regarding y our intentions of reimbursing them for damage to the above-referenced cars on the above-referenced claim. In the event that you fail to do so, American Auto Center will have no alternative but to seek legal redress against you which would result in additional cost to you..

(Docket Entry No. 11, Ex. 3). Another attorney sent a demand letter on AAC's behalf on August 25, 2010. It made essentially the same demand for damage to "23 vehicles . . . lost due to flooding when

Hurricane Ike struck" and notes that "AAC retained title to all vehicles at the time of the flooding." (Docket Entry No. 11, Ex. 2, at 1). Gemini did not pay the claim.

Two lawsuits followed. On September 13, 2010, Chic Bonbon International, Inc. d/b/a American Auto Center sued Gemini, Mullen Insurance Agency, Inc., and AIM Insurance of Texas, in Texas state court. (Docket Entry No. 13, Ex. E).[3] Chic Bonbon contended that the Gemini insurance policy covered the damage to the AAC cars and, if not, that the agents were liable because they failed to obtain the coverage requested. The causes of action asserted included breach of contract and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.

Ten days later, on September 23, 2010, Gemini filed this federal suit against Hayssam Allaou d/b/a AAC. Gemini seeks a declaratory judgment that the policy does not cover the claimed loss. (Docket Entry No. 1). Diversity jurisdiction is undisputed; neither Chic Bonbon nor the Texas insurance agents is named as a party to this federal suit. Gemini moved for summary judgment that the policy coverages did not apply to the damage claimed. Allaou responded, and Gemini replied. (Docket Entry Nos. 17, 20). Allaou also moved to dismiss this federal suit in favor of the earlier-filed pending state court suit. Gemini responds that the factors under *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), do not support this court's exercise of discretion to dismiss this declaratory judgment suit.

The motion to dismiss is addressed first.

## II. Allaou's Motion to Dismiss

### A. Discretion Under the Declaratory Judgment Act

---

3 AIM Insurance is a sole proprietorship operated by Abdul Aziz.

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (citations omitted). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* In *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit identified seven nonexclusive factors that a federal court may consider when deciding whether to decide or dismiss a declaratory judgment action. The *Trejo* factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.* at 590–91; *see also Sherwin-Williams*, 343 F.3d at 388. These factors are analyzed below.

**B. Analysis**

The first *Trejo* factor, "whether there is a pending state action in which the matters in controversy may be litigated, requires the court to examine comity and efficiency." *Sherwin-Williams*, 343 F.3d at 391. Both the federal court suit and the state court suit are likely to

require a determination of coverage, but the coverage issues may differ. The only issue in this federal suit is whether under the policy terms, there is coverage for the claimed flood damage to AAC's own vehicles. The threshold coverage issue in the state suit, by contrast, is whether Chic Bonbon, who is not a named insured and is not a party to this federal suit, is entitled to claim insurance benefits under the policy. Even if that issue is quickly resolved and the primary issue in both cases is whether the policy terms provide coverage for the claimed damage to the 23 AAC vehicles, this court must then examine comity and efficiency. "If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule." *Id.* at 394 n.5.

The only issue before this court is one of contract interpretation: does the policy provide coverage for flood damage to AAC's own vehicles? That is a straightforward legal issue and has been fully briefed. Coverage disputes are well-suited for resolution in a declaratory judgment suit, even when the dispute turns on the state law of contract interpretation. *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372–73 (5th Cir. 1998) (finding an abuse of discretion in a district court's dismissal of a declaratory judgment action when the merits of the state and federal cases were "not truly parallel," the coverage issues had been fully briefed, and no factual disputes existed material to determining coverage); *E & R Rubalcava Constr., Inc. v. Burlington Ins. Co.*, 147 F. Supp. 2d 523, 526 (N.D. Tex. 2000) ("A declaratory judgment is a proper manner in which to resolve disputes over liability insurance coverage." (citing *Maryland Cas. Co. v. Pac. Oil Co.*, 312 U.S. 270 (1941))).

"The next three *Trejo* factors—whether the declaratory judgment plaintiff filed suit 'in anticipation' of a lawsuit to be filed by the declaratory judgment defendant; whether the declaratory judgment plaintiff engaged in 'forum shopping' in bringing the declaratory judgment action; and whether possible inequities exist in allowing the declaratory judgment plaintiff to gain precedence in time or to change forums—analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391. Gemini did not file this suit after it received a demand letter from AAC, in anticipation of the state court suit. Nor did Gemini obtain any unfair advantage in time by suing in federal court. The only issue is whether Gemini sought access to the federal forum on improper grounds.

"The fact that federal forums are sought by some plaintiffs in an attempt to avoid the state court system, does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants." *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 321 (quoting *Sherwin-Williams*, 343 F.3d at 397) (alterations omitted); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)). By suing in federal court, Gemini is obtaining access to the federal courts that it could not obtain by removing the state court suit. Chic Bonbon sued not only Gemini in Texas state court but also sued two Texas defendants, making the case nonremovable. "Courts have . . . found impermissible forum manipulation if the declaratory judgment plaintiff sues only diverse defendants, but the underlying state court action is not removable because non-diverse defendants are properly sued." *Sherwin-Williams*, 343 F.3d at 397 n.7 (citing *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367 (9th Cir. 1991) (rejecting a declaratory judgment action that would "sanction removal in all but name" of a state court action

including diverse and nondiverse defendants), *overruled on other grounds*, *Gov. Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)). But the fact that a federal declaratory judgment suit follows a nonremovable state court case does not necessarily make the federal suit improper. *See Travelers Ins. Co. v. La. Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (explaining that, "more often than not," it is inappropriate to issue a declaratory judgment if the suit is one in which "*a declaratory defendant* has previously filed a cause of action in state court against the declaratory plaintiff" (emphasis added)); *see also Sealed v. Sealed*, 33 F.3d 1379, 1994 WL 487245, at *2 (5th Cir. 1994) (unpublished) (summary calendar) ("The absence of any of the [*Travelers Insurance*] factors defeats mandatory abstention, and the district court has broad discretion over whether to grant declaratory relief.") (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

"The next two *Trejo* factors — whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy — primarily address efficiency considerations." *Sherwin-Williams*, 343 F.3d at 391. Those considerations weigh in favor of denying the motion to dismiss. This federal suit is limited to a discrete legal issue that is fully briefed and ready for decision. The state court suit is not far advanced and it is unclear when the coverage issue will be ready for resolution. *See, e.g.*, *Travelers Ins. Co.*, 996 F.2d at 776 (reversing district court's dismissal when "[b]oth parties agreed that no material issues of fact existed in the case and that summary judgment — for one or the other party — was appropriate."); *Fed. Ins. Co. v. Sw. Materials, Inc.*, No. Civ. A. 02-1787, 2003 WL 21634945, at *4 (E.D. La. July 3, 2003) (finding dismissal inappropriate when a suit was "ripe for complete resolution," and the dismissal would require the insurer to "once again begin anew in state court its quest to obtain a judgment").

Efficiency considerations weigh in favor of retaining this suit to decide the pending and fully briefed summary judgment motion on coverage.

A decision in this case that there is no coverage under the policy will not resolve all the issues pending in the state court. The state court action also includes claims that the insurance agents did not obtain the policy Chic Bonbon requested for AAC. There is a risk of piecemeal litigation. *See Sherwin-Williams*, 343 F.3d at 391 ("A federal district court should avoid duplicative or piecemeal litigation where possible."); *Steadfast Ins. Co. v. Picke Constr. Corp.*, Civ. A. No. 10-3286, 2011 WL 1303144, at * 4 (E.D. La. Mar. 30 2011) (deciding not to grant declaratory relief in a coverage dispute because "proceedings in two courts under these circumstances would invite inconsistent policy interpretations and piecemeal litigation"); *Am. Sec. Ins. Co. v. Penwright*, 456 F. Supp. 2d 753, 757 (E.D. La. 2006) (declining to hear a declaratory judgment insurance-coverage dispute when a previously filed state court action could address all the issues and all the defendants, including in-state defendants). But the issue of whether the agents delivered Chic Bonbon the insurance coverage or policy he asked them to provide will depend on very different evidence and legal standards than the policy interpretation question pending before this court. There is little overlap or duplication. The risk of piecemeal litigation does not weigh in favor of dismissal.[4]

Based on the record and the parties' arguments, this court concludes, in the exercise of its discretion, that it is appropriate to decide this declaratory judgment action. The motion to dismiss is denied.

## III. Gemini's Motion for Summary Judgment

### A. The Summary Judgment Standard

---

[4] The seventh *Trejo* factor, whether this court must construe a state judicial decree, is not relevant to this case.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Quality InfusionCare, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010) (quoting *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's

claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**B. Texas Insurance Contract Interpretation**

Under Texas law, insurance contracts are interpreted under ordinary principles of contract law. *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001). A court faced with a coverage dispute must give effect to the parties' intentions as expressed by the policy language. *Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex. 1983). The policy terms are given their plain, ordinary meaning, considering the policy as a whole, unless the policy itself shows that the parties intended the terms to have a different, technical meaning. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984); *Hartrick v. Great Am. Lloyds Ins. Co.*, 62 S.W.3d 270, 274 (Tex. App.—Houston [1st Dist.] 2001, no pet. h.) ("[W]e construe the terms of the policy as a whole, and consider all of its terms, not in isolation, but within the context of the policy."). Courts cannot consider extrinsic evidence unless the insurance contract is ambiguous. *Sharp v. State Farm Fire & Cas. Ins. Co.*, 115 F.3d 1258, 1262 (5th Cir. 1997); *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 745 (Tex. 2006). "Ambiguity must be evident from the policy itself; it cannot be created by introducing

parol evidence of intent." *Fiess*, 202 S.W. 3d at 745 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 521 (Tex. 1995)).

**C. Analysis**

The second page of the policy lists the coverage purchased: "This policy provides only those coverages where a charge is shown in the premium column below." (Docket Entry No. 14, Ex. 1, at 2). There are three coverages with amounts in the premium column: "LIABILITY," "GARAGEKEEPERS COMPREHENSIVE COVERAGE," and "GARAGEKEEPERS COLLISION COVERAGE." (*Id.*).

The liability coverage portion of the policy provides, in relevant part:

> **"GARAGE OPERATIONS" — COVERED "AUTOS"**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an accident and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".
>
> We have the right and duty to defend against any "insured" against a "suit" asking for those damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(*Id.* at GIC 20–21).

Liability insurance coverage applies to claims by third parties against the insured, not to claims in which the insured seeks coverage for damage to its own property. *Rx.com v. Hartford Fire Ins. Co.*, 364 F. Supp. 2d 609, 616 (S.D. Tex. 2005); *Tellepsen Builders, L.P. v. Kendall/Heaton/Assocs.*, 325 S.W.3d 692, 697; *Highlands Ins. Co. v. Galveston*, 721 S.W.2d 469, 471 (Tex. App. Houston [14th Dist.] 1986, writ denied); *see also Evanston Ins. Co. v. ATOFINA Petrochems., Inc.*, 256 S.W.3d 660, 674 (Tex. 2008) (defining a first-party claim as "one in which

an insured seeks recovery for the insured's own loss"). The liability insurance coverage covers only "sums an 'insured' must legally pay as damages." AAC's demand letters, however, claim only damage to AAC's own property.

The garagekeepers coverage is similarly limited. The relevant section provides: "We will pay all sums the 'insured' legally must pay as damages for 'loss' to a covered 'auto' or 'auto' equipment left in the left in the 'insured's' care while the 'insured' is attending, servicing, repairing, parking or storing it in your "garage operations" . . . ." (Docket Entry No. 11, Ex. 1, at 26). As noted, AAC does not contend the claim is for "sums [AAC] legally must pay as damages." The garagekeepers coverage does not apply.

Allaou does not respond to these arguments. In an affidavit, Allaou states, "On or about April 2008 on behalf of AAC, I purchased an insurance policy for the purpose of covering vehicle loss within a 300 mile radius of AAC's central business location. The policy that I entered into is not the policy shown as Plaintiff's Exhibit 1 in Plaintiff's Motion for Summary Judgment. The policy that I entered into allowed for recovery for vehicle loss and was limited to a 300 miles radius of AAC's central business location." (Docket Entry No. 17-2). To the extent that Allaou contends that the affidavit creates a material fact issue that some other policy applied, "[a]llegations or affidavits setting forth merely conclusory facts and conclusions of law are insufficient" to survive summary judgment. *Dutton v. Univ. Healthcare Sys., L.L.C.*, 136 F. App'x 596, 599 (5th Cir. 2005) (per curiam) (unpublished) (citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)); *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir.1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."). To the extent that

Allaou argues that his reasonable expectations create a disputed fact issue as to the extent of coverage, that argument is against clearly established Texas law. *Nautilus Ins. Co. v. Country Oaks Apts., Ltd.*, 566 F.3d 452 n.4 (5th Cir. 2001) ("Texas law does not look to the 'reasonable expectations' of the insured."); *Constitution State Ins. Co. v. Iso-Tex. Inc.*, 61 F.3d 405, 410 n.4 (5th Cir. 1995).

Gemini's motion for summary judgment is granted.

**IV. Conclusion**

Allaou's motion to dismiss is denied. Gemini's motion for summary judgment is granted. A final declaratory judgment is entered separately.

SIGNED on August 2, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge